IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERITOX, LTD., and<br>U.D. TESTING, INC.,<br><br>              Plaintiffs,<br><br>v.<br><br>AEGIS SCIENCES CORP.,<br><br>              Defendant. | Currently Pending in the U.S. District Court<br>for the Southern District of Florida<br>Case No. 07-80498-MARRA/JOHNSON<br>    FILED: AUGUST 8, 2008<br>    08CV4513<br>    JUDGE ASPEN<br>    MAGISTRATE JUDGE COLE<br><br>    JFB |

**MOTION TO QUASH**
**DEFENDANTS' SUBPOENA OF STERLING PARTNERS**

Pursuant to Fed. R. Civ. P. 45, third-party Sterling Partners ("Sterling") hereby moves the Court to quash the subpoena duces tecum ("Subpoena") served upon it on July 25, 2008.

The Subpoena should be quashed for the following reasons. First, it fails to comply with Rule 45 of the Federal Rules and is improper on its face. Second, the Subpoena seeks disclosure of Sterling's highly confidential information. Third, the Subpoena is overly burdensome as it commands production of documents that are duplicative of those already sought from Plaintiffs Ameritox, Ltd. and U.D. Testing, Inc. ("Plaintiffs"), as well as documents irrelevant to the action currently pending in the Southern District of Florida. For at least these reasons, Sterling respectfully request this Court quash the Subpoena.

**I. The Proceeding in the Southern District of Florida**

On June 11, 2007, Plaintiffs sued Aegis for infringement of U.S. Patent Nos. 5,908,788 and 6,124,136 ("the '788 and '236 Patents," respectively) in the District Court for the Southern District of Florida. On July 31, 2007, Aegis answered the Complaint and filed Counterclaims

1

alleging non-infringement and invalidity of the '788 and '136 Patents, Commercial Disparagement under the Lanham Act, Injurious Falsehood/Unfair Competition, and a Violation of the Florida Deceptive and Unfair Trade Practices Act. On January 25, 2008, Ameritox's First Amended Complaint was entered, which included four additional counts: Florida Deceptive and Unfair Trade Practices Act; Tortious Interference with Business Relationships; Fraudulent Misrepresentation; and False Marking. On July 11, 2008, Aegis filed its Amended Answer to Plaintiffs' First Amended Complaint, which included a counterclaim for sham litigation.

Sterling Partners is a private equity firm that invests in portfolio companies. Sterling's relationship with Ameritox is limited to this investment and its high level strategic initiatives wholly unrelated to the litigation between the parties. Accordingly, Sterling is not involved in Ameritox's day to day operations, nor does it have documents relevant to this litigation that are not otherwise in the custody of Ameritox.

## II. The Subpoena Is Improper Under the Federal Rules

As an initial matter, the Subpoena fails to comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure. The Subpoena omits information crucial to its propriety — namely, the attorney issuing the document and whether that person/ entity is entitled to do so under the Rules. Additionally, the Subpoena generally seeks two categories of information from a party not in suit: (1) Sterling's highly confidential information concerning its financing of Plaintiffs; and (2) documents that are duplicative and/or irrelevant and not likely to lead to the discovery of admissible evidence to support Aegis' pending claims. These categories impose an undue burden upon Sterling. As a result, the Subpoena should be quashed.

### A. The Subpoena Was Improperly Issued

The Subpoena should be quashed as it was improperly issued. Noticeably absent from the document is information related to the person issuing the Subpoena. This is improper under the Federal Rules. Rule 45 states that a subpoena may be issued by a clerk of court or an attorney as officer of the court. FED.R.CIV.P. 45(a)(3). However, here, it cannot be determined who issued the document.[1] Although signed, the issuing officer's name, address and phone number are absent. And as the signature itself is undecipherable, Plaintiffs and Sterling are left without knowledge as to who issued the document or whether that person even had the authority to do so. As the document does not comply with the Federal Rules, the Subpoena should be quashed. *Cf. Insituform Tech., Inc. v. CAT Contracting, Inc.*, 168 F.R.D. 638, 633 (N.D. Ill. 1996)(quashing subpoena that did not provide a time and place for inspection of documents as not complying with Rule 45).

### B. The Subpoena Improperly Demands Production of Sterling's Highly Confidential Information

Additionally, the Subpoena should be quashed as it improperly requests documents to which it is not entitled. In particular, the Subpoena seeks information from Sterling — a non-party to this matter — that is highly confidential information. As such, Sterling requests this Court quash the subpoena under Fed. R. Civ. P. 45(c)(3)(B).

In the Subpoena, Aegis demands production of a number of documents broadly relating to internal communications and discussions held by Sterling regarding its decision to finance Plaintiffs. Ex. A, Doc. Req. 4, 7, 14, and 17. The noted requests encompass all manner of highly confidential documents including financial reports of other third parties, financial

---

[1] Sterling has served a copy of this Motion upon John D. Burke, the name and address listed as the location for producing documents.

strategies and related communications. Rule 45 states that district courts may quash or modify a subpoena if it requires the disclosure of confidential commercial information. *See* Fed.R.Civ.P. 45(c)(3)(A); *See also Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621 (S.D. Ill. 2007). The information sought in the Subpoena is highly confidential or irrelevant; thus no reason exists for such disclosure.

C. **The Subpoena Should be Quashed as it is Unduly Burdensome**

Finally, the Subpoena requests documents and things that can be obtained readily from a more convenient source. Motions to quash are within the sound discretion of the district court. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir.2000) (citing *U.S. v. Ashman*, 979 F.2d 469, 495 (7th Cir.1992). A Court may quash a subpoena if it imposes an undue burden upon a party. Fed. R. Civ. P. 45(c)(2)(B). A subpoena is unduly burdensome where it seeks disclosure of information that is (1) overly broad, (2) irrelevant, and/or (3) privileged. *Cumberland Truck Equipment Co. v. Detroit Diesel Corp.*, 2006 U.S. Dist. LEXIS 92351 (N.D. Ill. Dec. 13, 2006).

Request Nos. 2, 7, 10 and 19 seek information that is irrelevant, as it is not likely to lead to any admissible evidence supporting Aegis' pending defenses and counterclaims. Under Federal Rule of Civil Procedure 26, discovery is relevant if it is reasonably calculated to lead to discoverable information. *See* Fed. R. Civ. 26(b); *Biedrzycki v. Town of Cicero*, 04 C 3277, 2005 U.S. Dist. LEXIS 16423, at *22 (N.D.Ill. Aug. 8, 2005). Although the relevance standard is broad, it is not infinitely broad, and discovery requests that the Court is not convinced will lead to relevant facts will be quashed. *Ligas v. Maram*, 2007 WL 2316940, *3 (N.D.Ill. August 10, 2007) (citing *Stock*, 241 F.R.D. at 624 (S.D.Ill.2007) ("[T]he Court concludes that all of the six topics should be quashed, along with the depositions notices directed at Mr. Lakin and LLF, because none of those topics are sufficiently probative of relevant facts [that the Court would use

4

in determining the issue at hand]."). The Court has broad discretion in determining questions of relevancy. *Ligas,* 2007 WL 2316940, at *3 (citing *Leffler v. Meer,* 60 F.3d 369, 374 (7th Cir.1995) ("District courts enjoy extremely broad discretion in controlling discovery.").

The documents sought by the subpoena are not relevant to the claims at issue in the underlying matter. Specifically, Request No. 2 seeks documents relating to communications between Ameritox and Sterling Partners referring to any other entities that compete with Ameritox's RxGuardian. Request No. 7 seeks documents prepared for Ameritox or Sterling for the purpose of obtaining loans or financing on behalf of Ameritox. This would necessarily include the financial information of third parties that have no relation to the Florida litigation. Request No. 10 seeks documents relating to the statement on Ameritox's website that it is the "nation's leader in pain prescription monitoring." Request No. 19 seeks documents relating to any disputes between Ameritox and any of its competitors or any other company engaged in the pain prescription monitoring business. These requests seek information that is not likely to lead to any admissible evidence supporting Aegis' pending defenses and counterclaims. Accordingly, it is appropriate that the Subpoena be quashed.

Moreover, the subpoena seeks information protected by the attorney/client privilege. Definition No. 1 in the subpoena defines "Ameritox" to include attorneys acting on Ameritox's behalf. Request Nos. 3, 4, 13 and 19 seek documents and communications between "Ameritox" and Sterling relating broadly to this lawsuit, the decision to bring this lawsuit, and any other discussions relating to controversies or lawsuits between Ameritox and another other company engaged in the pain prescription monitoring business. The breadth of these requests will inevitably lead to privileged communications between Sterling and counsel, and would even

include communications between Sterling and its counsel related to this subpoena. Such requests are impermissible and should be quashed pursuant to Rule 45.

Furthermore, a court may quash or modify a subpoena if it seeks discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive ... [ ]. " *Traveler v. SCX Transp., Inc.*, 2006 WL 2375480, *1, (N.D. Ill. August 16, 2006) (citing Fed.R.Civ.P. 26(b)(2)). The Subpoena should be quashed as Request Nos. 1-3, 5, 6, 8-13, 15, 16 and 18-19 pose an undue burden upon Sterling in that any possible responsive documents that might be in the possession and control of Sterling will be the same as those in the custody of Plaintiffs. Sterling should not be put to the burden of having to conduct a search for documents that are identical to those that will already be produced by Plaintiffs. For example, Request No. 10 seeks all documents that support or relate to the assertion by Ameritox on its website that it is the "nation's leader in pain prescription monitoring." Clearly, to the extent Sterling even possesses such documents, they could be better obtained from the parties to this case.

### Conclusion

Sterling respectfully requests the Subpoena be quashed. The subpoena is improper on its face, and is in violation of Rule 45 of the Federal Rules. Moreover, Aegis seeks documents on subject matter that is both irrelevant to the case at issue and is highly confidential to Sterling. Aegis also demands documents from Sterling which are duplicative of those already sought from Plaintiffs and Sterling should not be put to the burden of producing the same information. As such, the subpoena should be quashed.

Dated: August 8, 2008                    By: /s/ Michael R. Osterhoff
                                                           One of the Attorneys for
                                                           STERLING PARTNERS

Michael R. Osterhoff
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
(312) 372-1121

## CERTIFICATE OF SERVICE

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the foregoing **STERLING PARTNERS' MOTION TO QUASH SUBPOENA** to be served upon:

>
> Via U.S. Mail:
> John D. Burke
> Ice Miller LLP
> 200 W. Madison, Suite 3500
> Chicago, IL 60606

this 8th day of August, 2008.

_____
One of the Attorneys for
STERLING PARTNERS